WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jim Langan, an individual, d/b/a Full Circle Bed and Breakfast,<br><br>                     Plaintiff,<br><br>v.<br><br>Town of Cave Creek, an Arizona municipality,<br><br>                     Defendant. | NO. CIV-06-0044-PHX-SMM<br><br>**ORDER** |

      Pending before the Court is Defendant Town of Cave Creek's ("Town") Motion to Dismiss Complaint submitted pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. (Dkt. 7). Plaintiff Jim Langan has filed a response to Defendant's Motion to Dismiss. (Dkt. 9). In turn, Defendant has filed a reply in support of its motion. (Dkt. 11).

      Plaintiff Jim Langan is a citizen and property owner in the Town of Cave Creek, and the owner and operator of the Full Circle Bed and Breakfast ("Full Circle B&B") located in Cave Creek. (Dkt. 1, ¶ 1). Defendant Town of Cave Creek is a municipality, duly organized under the State of Arizona, which makes policy through its town council. (Dkt. 1, ¶ 2). Plaintiff operated Full Circle B&B under a Special Use Permit ("SUP") issued by the town council. (Dkt. 1, ¶ 4). When the SUP came up for renewal, the town council

1 granted the SUP for an additional five (5) years at a properly noticed meeting held on March
2 1, 2004. (Dkt. 1, ¶ 8). On May 17, 2004, the town council met without notice, and
3 reconsidered and denied the extension of the SUP that it had already granted. (Dkt. 1, ¶¶
4 12-13).

5 Relying on 42 U.S.C. § 1983, Plaintiff alleges that Defendant's revocation of the SUP
6 is a taking without just compensation in violation of the Fifth Amendment to the United
7 States Constitution (Dkt. 1, Count II). Plaintiff also alleges a violation under section 1983
8 of his procedural due process rights guaranteed by the Fourteenth Amendment to the United
9 States Constitution (Dkt. 1, Count I). Based upon the foregoing allegations, Plaintiff asserts
10 he is entitled to a declaratory judgment that the SUP is in full force and effect. (Dkt. 1,
11 Count III).

12 Defendant moved to dismiss this action for failure to state a claim upon which relief
13 can be granted. (Dkt. 7). Among several reasons, Defendant asserts Plaintiff's federal
14 takings claim is not ripe, and there is no protected property interest in a SUP that requires
15 due process. (Dkt. 7).

## **STANDARD OF REVIEW**

17 Fed.R.Civ.P. 12(b)(6) authorizes a court to dismiss a claim on the basis of a
18 dispositive issue of law. Neitzke v. Williams, 490 U.S. 319, 326 (1989). A complaint may
19 not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff
20 can prove no set of facts in support of [the] claim which would entitle [the plaintiff] to
21 relief." Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir.1987) (quoting Conley v.
22 Gibson, 355 U.S. 41, 45-46 (1957)). If as a matter of law it is clear that no relief could be
23 granted under any set of facts that could be proved consistent with the allegations, under
24 Rule 12(b)(6) a claim must be dismissed, without regard to whether it is based on an
25 outlandish legal theory or on a close but ultimately unavailing one. See Neitzke, 490 U.S.
26 at 327. On a motion to dismiss for failure to state a claim, the court must presume all factual

allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party. Usher, 828 F.2d at 561. A court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged. McGlinchy v. Shell Chemical Co., 845 F.2d 802, 810 (9th Cir. 1988).

## DISCUSSION

### I.  Violation of Takings Clause (Count Two)

There are two categories of government action that are treated as per se takings within the meaning of the Fifth Amendment Takings Clause: (1) permanent physical occupation claims and (2) regulatory takings. See Levald, Inc. v. City of Palm Desert, 998 F.2d 680, 684 (9th Cir. 1993). A "regulatory taking" occurs when the value or usefulness of private property is diminished by a regulatory action that does not involve a physical occupation of the property. Hotel & Motel Ass'n of Oakland v. City of Oakland, 344 F.3d 959, 965 (9th Cir. 2003) (Hotel). Neither a physical appropriation nor a public use is a necessary component of a regulatory taking. Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency, 535 U.S. 302, 326 (2002).

Not all regulatory actions rise to the level of a taking subject to just compensation for the affected property owner. See U.S. v. Riverside Bayview Homes, Inc., 474 U.S. 121, 126 (1985) (Riverside). It is well established that the government may enact regulations that diminish the value of private property, yet do not constitute a taking requiring compensation, so long as a reasonable use of the regulated property exists. Silveira v. Lockyer, 312 F.3d 1052, 1092 (9th Cir. 2002), *as amended*. Moreover, "where the government merely regulates the use of property, compensation is required only if considerations such as the purpose of the regulation or the extent to which it deprives the owner of the economic use of the property suggest that the regulation has unfairly singled out the property owner to bear a burden that should be borne by the public as a whole." Yee

v. City of Escondido, 503 U.S. 519, 522-23 (1992). "A requirement that a person obtain a permit before engaging in a certain use of his or her property does not itself 'take' the property in any sense: after all, the very existence of a permit system implies that permission may be granted, leaving the landowner free to use the property as desired." Riverside, 474 U.S. at 127. Only when a permit is denied and the effect of the denial is to prevent "economically viable" use of the land in question can it be said that a taking has occurred. Id.

Courts have been "unable to develop any 'set formula' for determining when 'justice and fairness' require that economic injuries caused by public action be compensated by the government," and "it depends largely upon the particular circumstances of the case." Penn Cent. Transp. Co. v. City of New York, 438 U.S. 104, 124 (1978) (citations omitted). Courts engage in ad hoc factual inquiries, but have found that a taking occurs where government action has a sufficient economic impact and interferes with distinct investment-backed expectations. See id.; Del Monte Dunes at Monterey, Ltd. v. City of Monterey, 95 F.3d 1422, 1432 (9th Cir. 1996) (Del Monte).

In addition to the division into physical occupation and regulatory takings, takings claims are divided into "facial" and "as-applied" challenges. Levald, 998 F.2d at 686. A "facial" challenge is distinguished from an "as applied" challenge, which "involves a claim that the particular impact of a government action on a specific piece of property requires the payment of just compensation." Id. (quoting Keystone Bituminous Coal Ass'n v. DeBenedictis, 480 U.S. 470, 494 (1987)).

In the present case, Plaintiff asserts that the Defendant's revocation of his renewed five-year SUP falls within the category of a "regulatory taking." (Dkt. 9, p. 7). Because Plaintiff is making an "as-applied" challenge to a regulatory taking, he must show that the Town's action in denying his permit was applied in a way that deprived him of his property.

1  Plaintiff maintains that Full Circle B&B was his "sole source of income." (Dkt. 1, ¶ 8).
2  Plaintiff also alleges that as a result of the Town's action, he has sustained economic injury.
3  (Dkt. 1, ¶ 25). Furthermore, Plaintiff alleges the unilateral and unexpected revocation of
4  the SUP breached his "investment-backed expectations" (Dkt. 9, p.2). See Del Monte, 95
5  F.3d at 1432. Because the takings analysis is a fact-specific inquiry, at this stage in the
6  litigation it does not appear beyond doubt that Plaintiff cannot prove any set of facts in
7  support of his takings claim which would entitle him to relief. See Id. at 1431-32; Usher,
8  828 F.2d at 561. Therefore, Plaintiff's takings claim cannot be dismissed on this ground.

9  In addition to alleging that the Town's action deprived him of his property, Plaintiff
10 must allege facts that show his takings claim is ripe. In Williamson County Reg'l Planning
11 Comm'n v. Hamilton Bank, the Supreme Court established two conditions that must be
12 satisfied before an "as-applied" challenge to an alleged regulatory taking is ripe. 473 U.S.
13 172 (1985). First, the action alleged to constitute the taking must be "a final decision
14 regarding how [the owner] will be allowed to develop its property." Id. at 190. Second, a
15 plaintiff must have sought compensation for the alleged taking through available state
16 procedures. Id. at 194. "The Fifth Amendment does not proscribe the taking of property;
17 it proscribes taking *without just compensation*." Id. (emphasis added). "So long as the state
18 provides 'an adequate process for obtaining compensation,' no constitutional violation can
19 occur" until just compensation is denied. Levald, 998 F.2d at 686 (citations omitted).

20 Plaintiff has not alleged that he used available state procedures and was denied just
21 compensation. A violation of the Takings Clause does not occur until just compensation has
22 been denied, and Plaintiff must use available state procedures to seek such compensation
23 before he may bring a § 1983 takings claim in federal court. Levald, 998 F.2d at 687.
24 Arizona offers a variety of statutory remedies for takings. "[T]he legislature, pursuant to its
25 grant of authority under Ariz. Const. art. 2, § 17, has provided statutory remedies for acts
26

of eminent domain, see A.R.S. § 9-518, and inverse condemnation, see A.R.S. § 11-972 and A.R.S. § 12-1111 *et seq.*" City of Phoenix v. Superior Court In and For County of Maricopa, 762 P.2d 128, 132 (Ariz. Ct. App. 1988). For inverse condemnation actions, A.R.S. § 12-1124 provides the remedy of compensation and money damages. Id. Arizona has found that these statutes provide an adequate remedy for any alleged taking which might occur. Id. This Court agrees. Because Arizona law provides a remedy for takings, see id., and Plaintiff has not alleged the use of available Arizona procedures to seek compensation before bringing this federal claim, he must pursue that claim before a taking claim under the Fifth Amendment can be ripe. See Austin v. City and County of Honolulu, 840 F.2d 678, 682 (9th Cir. 1988). The proper disposition for an unripe federal takings claim is dismissal without prejudice. See Macri v. King County, 126 F.3d 1125, 1129 (9th Cir. 1997) (stating that a federal takings claim is properly dismissed without prejudice on ripeness grounds).

## II.     **Violation of Procedural Due Process (Count One)**

A threshold requirement to a procedural due process claim is the plaintiff's showing of a liberty or property interest protected by the Constitution. Wedges/Ledges of Cal., Inc. v. City of Phoenix, 24 F.3d 56, 62 (9th Cir. 1994). The Fourteenth Amendment's procedural protection of property safeguards the interests that a person has already acquired in specific benefits, and these property interests may take many forms. Board of Regents v. Roth, 408 U.S. 564, 576 (1972). "Property interests, of course, are not created by the Constitution." Greene v. Babbitt, 64 F.3d 1266, 1272 (9th Cir. 1995) (quoting Board of Regents, 408 U.S. at 577 (1972)). Rather, protected property interests are created and their dimensions are defined by existing rules or understandings that stem from an independent source, such as state law. Id. To have a property interest in a certain benefit, a person must have a legitimate claim of entitlement, rather than an abstract need or unilateral expectation of it. Id. at 1271.

First, the Court notes that Plaintiff has voluntarily withdrawn his substantive due process claim. (Dkt. 9, p. 2 n. 2). Thus, the Court only addresses his procedural due process claim. Plaintiff asserts both a vested property interest in the SUP and a liberty interest in his reputation and ability to continue to conduct business in his profession. (Dkt. 1, ¶ 16).

With regards to Plaintiff's property interest, generally "[t]he law is settled that special use permits create no vested property rights." Paulina Lake Historic Cabin Owners Assoc. v. U.S.D.A. Forest Service, 577 F.Supp. 1188, 1193 (D. Ore. 1983) (citing United States v. Fuller, 409 U.S. 488, 492-93 (1973) (further citations omitted)); see also Pai 'Ohana v. United States, 875 F.Supp. 680, 699 (D. Haw. 1995) (finding that the termination of special use permits did not implicate due process because the permits did not create vested property interests recognized by the Fifth Amendment), aff'd, 76 F.3d 280 (9th Cir. 1996). However, Arizona recognizes the "vested rights doctrine," in which a property owner who materially acts in reliance on an issued building or special use permit may continue to act in conformance therewith, notwithstanding arbitrary governmental withdrawal or cancellation of the permit. Emmett McLoughlin Realty, Inc. v. Pima County, 58 P.3d 39, 43 (Ariz. Ct. App. 2002) (Emmett). To acquire a vested right to a previously issued permit authorizing commencement of use or construction, the property owner must physically construct improvements permitted by the use or incur substantial expenditures toward construction or establishment of the use in reliance on or in conformance with the permit. Fidelity Nat. Title Ins. Co. v. Pima County, 831 P.2d 426, 429 (Ariz. Ct. App. 1992) (Fidelity). Thus, although special use permits do not automatically create vested property interests, Plaintiff may have a vested right *to the permit* under Arizona law if he materially acted in *reliance* on it. See Emmett, 58 P.3d at 43; Fidelity, 981 P.2d at 429.

Plaintiff has alleged that "in reliance upon receipt of the Special Use Permit, [he] invested thousands of dollars in the Bed and Breakfast, both in terms of physical

renovations, upkeep, and marketing promotions." (Dkt. 1, ¶ 5). In addition to his property interest, Plaintiff has also asserted a "liberty interest in his reputation and ability to conduct business in his profession." (Dkt. 1, ¶ 16). Plaintiff appears to have properly alleged a liberty and property interest protected by the Constitution. Wedges/Ledges, 24 F.3d at 62. Plaintiff further alleges Defendant deprived him of due process by failing to provide notice and the opportunity for a hearing. (Dkt. 1, ¶ 17). Because it is not clear that no relief could be granted under any set of facts that could be proved consistent with Plaintiff's allegations, Plaintiff's claim of a procedural due process violation will not be dismissed.[1]

### III.    Request for Declaratory Judgment (Count Three)

Under the Declaratory Judgment Act (the "Act"), "[i]n a case of actual controversy within its jurisdiction. . . any court of the United States. . . *may* declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a) (emphasis added). In applying the Act, the Ninth Circuit requires the district court to first determine whether there is an actual case or controversy within its jurisdiction. American States Ins. Co. v. Kearns, 15 F.3d 142, 143 (9th Cir.1994). The requirement that a case or controversy exist under the Act is "identical to Article III's constitutional case or controversy requirement." Kearns, 15 F.3d at 143. If a case is not ripe for review, there is no case or controversy, and the court lacks subject-matter jurisdiction. Id.

Second, even if the court finds that it has jurisdiction, the decision to hear declaratory actions is discretionary, and guided by the factors set out in Brillhart v.

---

[1] Defendant does not contend Plaintiff's procedural due process claim is not ripe. Furthermore, in certain limited and appropriate circumstances, procedural due process claims under 42 U.S.C. § 1983 concerning land use may proceed even when related Fifth Amendment "as-applied" taking claims are not yet ripe for adjudication. Carpinteria Valley Farms, Ltd. v. County of Santa Barbara, 344 F.3d 822, 831 (9th Cir. 2003). See Plaintiff's Complaint at ¶¶ 8, 12, 14, 16, 18, 24.

Excess Ins. Co., 316 U.S. 491 (1942), and its progeny. Kearns, 15 F.3d at 143-44. The non-exclusive Brillhart factors state that, "1) [t]he district court should avoid needless determination of state law issues; 2) it should discourage litigants from filing declaratory actions as a means of forum shopping; and 3) it should avoid duplicative litigation." Principal Life Ins. Co. v. Robinson, 394 F.3d 665, 672 (9th Cir. 2004) (citations omitted) (Principal Life). Courts have noted additional considerations, such as: whether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the use of a declaratory action will result in entanglement between the federal and state court systems; and the availability and relative convenience of other remedies. Id.

Plaintiff alleges he is entitled to a declaration that the SUP "is in full force and effect." (Dkt. 1, ¶ 29). Plaintiff does not demand that the Court declare the procedure by which the Town revoked his SUP unconstitutional and require the Town to provide notice and an opportunity for a hearing. Thus, rather than a declaration of his due process rights, Plaintiff seeks a declaration of his rights regarding the use of his property. Determining whether Plaintiff is entitled to the full force and effect of his permit, however, requires inquiry into whether the regulatory taking affected part of his complex bundle of property rights, and the compensable value of those rights. See Gilbert v. City of Cambridge, 745 F. Supp. 42, 52 (D. Mass. 1990). In other words, the relief Plaintiff seeks by his declaratory judgment claim is inextricably intertwined with his takings claim, which the Court has found is not ripe for review. If a case is not ripe for review, there is no case or controversy, and the court lacks subject-matter jurisdiction. Kearns, 15 F.3d at 143. Since Plaintiff's takings claim is not yet ripe, this Court does not have jurisdiction to declare Plaintiff's rights in the SUP at this time.

Furthermore, Brillhart's factors clearly demonstrate state court as the more

appropriate forum for Plaintiff's declaratory judgment claim. Principal Life, 394 F.3d at 672. Another district court has questioned the propriety of the federal declaratory judgement device as a means to resolve a takings claim because of the special character of takings litigation and the special qualities of the declaratory judgment device. Gilbert, 745 F. Supp. at 50-51. This Court agrees with the Gilbert court that a declaratory judgment takings claim only addresses the "takings" element, without addressing the other essential component of just compensation, thus precluding full development of the constitutional questions. Id. at 51. Additionally, federal declaratory relief concerning takings claims should not become a ready procedural mechanism for the federal courts to intervene prematurely before state procedures have run their course. Id. at 53. By not interfering prematurely, this Court will accomplish Brillhart's second and third factors, avoiding duplicative litigation and discouraging litigants from filing declaratory actions in federal court as a means of forum shopping. In addition, the Court will "avoid needless determination of constitutional questions which may lead to a needless obstruction of the domestic policy of the states," the first factor of Brillhart. Id. at 54 (citing Alabama State Federation of Labor v. McAdory, 325 U.S. 450, 471(1945)). Finally, the inverse condemnation procedure established by Arizona statute offers an available and relatively convenient remedy, without entangling the federal and state court systems. Therefore, the Court exercises its discretion and dismisses without prejudice Plaintiff's third count requesting a declaratory judgment.

Accordingly,

/ / /

/ / /

/ / /

/ / /

1 **IT IS HEREBY ORDERED GRANTING IN PART and DENYING IN PART** Defendant's Motion to Dismiss Complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted.  (Dkt. 7).  Count One of Plaintiff's Complaint properly states a procedural due process claim against Defendant Town of Cave Creek. Counts Two and Three of Plaintiff's Complaint are DISMISSED WITHOUT PREJUDICE.

DATED this 22nd day of June, 2006.

_____
Stephen M. McNamee
United States District Judge